ALONZO V. LYNDE vs. JABEZ P. PARKER.

Middlesex.   December 3, 1891. — February 23, 1892.

Present: HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Mortgage of Personal Property — Stable Keeper's Lien.*

If the mortgagee of a horse, who leaves it in the mortgagor's possession, may be presumed from the express contract and the circumstances of the transaction to have understood that the mortgagor would place it with a stable keeper to be boarded, and makes no objection thereto, his consent thereto will be implied, and the stable keeper will be entitled to a lien upon the horse for his charges, under the Pub. Sts. c. 192, § 32.

REPLEVIN by a mortgagee of a horse, buggy, and harness. At the trial in the Superior Court, before *Hammond*, J., there was evidence that the defendant was the keeper of a livery stable in Malden, at which the horse had been boarded by the mortgagor, in whose possession it had been left after the execution of the mortgage, and that he claimed a lien upon it for his charges under § 32 of chapter 192 of the Public Statutes. The judge, after defining a lien in a manner not excepted to, instructed the jury as follows:

" In order that the defendant may have a valid lien as against this plaintiff for the keeping of the horse, the defendant must show, by the fair preponderance of the evidence, that the horse was boarded by its owner at the defendant's stable by the consent, express or implied, of the plaintiff; that if the plaintiff believed, and had reason to believe, that the owner of the horse was not himself keeping the horse, but was boarding him at some livery stable in Malden, and the plaintiff made no objection, the jury would be authorized to find (it not being in dispute that the owner was boarding the horse at the defendant's livery stable) that the horse was boarded at the defendant's stable in Malden by the consent of the plaintiff, even although the plaintiff did not know at which particular livery stable in Malden the horse was being boarded."

The judge then submitted to the jury this question: " Whether the defendant had a valid lien on the horse at the time of the replevy?"   And the jury answered it in the affirmative.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*P. J. McGuire,* for the plaintiff.

*F. S. Hesseltine,* for the defendant.

LATHROP, J.   No question arises in this case as to the extent of the defendant's lien.   Nor was any exception taken to the submission to the jury of the question whether the defendant had a valid lien on the horse.   The only question is as to the correctness of the instruction given.

By the Pub. Sts. c. 192, § 32, " Persons having proper charges due them for pasturing, boarding, or keeping horses or other domestic animals brought to their premises, or placed in their care by or with the consent of the owners thereof, shall have a lien on such horses or other domestic animals for such charges." It was held in *Howes* v. *Newcomb,* 146 Mass. 76, that a mortgagor is not the owner within the meaning of this statute, but the mortgagee is.   It was said that " undoubtedly an implied consent will answer the requirements of the law," and that " in every case of this kind the inquiry is whether such implied consent is proved," and that this " depends, where animals are left with a mortgagor by a mortgagee, not only upon the terms of the express contract in relation to them, but also upon all the circumstances surrounding the transaction, indicating the expectation of the mortgagee as to the management of them by the mortgagor."   If from these the mortgagee may be presumed to have understood that the mortgagor would take them to a stable keeper to be boarded, and no objection was made, such consent should be implied, otherwise it should not.

The instructions given were in accordance with this statement of the law, and were correct.

*Exceptions overruled.*