D. W. LAUGHLIN et al., Respondents, v. BARNES & PARROTT, Appellants.

### Kansas City Court of Appeals, June 13, 1898.*

1. **Conversion:** AGENT OF THIEF: MEASURE OF DAMAGES: EXPENSE OF RECOVERY. The innocent agent of a thief selling stolen cattle is liable to the true owner for the value of the cattle less the value of any the owner may have recovered reduced by the expenses of such recovery.

2. ———: ———: MEASURE OF DAMAGES: RECOVERY IN REPLEVIN. The fact that the true owner may have recovered the cattle from the vendee of the thief's agent by an action in replevin will not relieve such agent from liability for the proper expenses of such recovery.

3. ———: ———: ———. On its declaration of law the trial court must have found the expenses incurred in recovering the cattle were reasonable and necessary and the question of unreasonable expense in attempted recovery does not arise here.

4. ———: ———: ———: LIABILITY OF VENDEE. Innocent purchasers of stolen cattle from the thief's agent are not liable in replevin for the true owner's attorneys' fees, nor his traveling expenses in attending the trial and hunting his property, but these are recoverable against the agent.

*Appeal from the Jackson Circuit Court.*—HON. E. P. GATES, Judge.

AFFIRMED.

LATHROP, MORROW, FOX & MOORE for appellants.

(1) Defendants are not liable for the conversion of the thirty-six cattle recovered by plaintiffs in their replevin suits. These replevin suits being prosecuted

*This case only reached the reporter December 23, 1898.

to judgment, bar any further recovery in conversion from any innocent person through whose hands the stolen cattle may have passed. Wirt v. Schuman, 67 Mo. App. 165; Wells on Replevin, sec. 44; Ely v. Ehle, 3 Comst. (N. Y.) 307; Pace v. Pierce, 49 Mo. 393; Funk v. Funk, 35 Mo. App. 246; Dry Goods Co. v. Jacobs, 66 Mo. App. 362; Bennett v. Hood, 1 Allen, 47; Broome v. Wooton, Yelv. 67; Karr v. Barstow, 24 Ill. 580; Stier v. Harms, 40 N. E. Rep. 296; McGavoch v. Chamberlain, 20 Ill. 219; Mitchell v. Shaw, 53 Mo. App. 652; Coffin v. Knott, 2 Greene (Iowa), 582; Jones v. Cobb, 24 Atl. Rep. 798. (2) It follows from the fact that there is no liability in conversion for the thirty-six cattle, that defendants are not liable for the expense of recovering these cattle, as this liability hinges upon the liability for conversion. The liability for expenses can not be separated from the liability for the conversion and a separate action maintained thereon. Saunders v. Brosius, 52 Mo. 50. (3) The expense of tracing and recovering the stolen property can not be charged to an innocent converter of the stolen property who has resold the property. Wirt v. Schuman, 67 Mo. App. 163; Austin v. Coal Co., 72 Mo. 535; Ewing v. Blount, 20 Ala. 694; Renfro v. Hughes, 69 Ala. 581. (4) In no case is one who converts property liable for any expense beyond the expense which is immediately and proximately caused by his own act of conversion. The bill of items sought to be charged to defendants shows on its face, and is shown by the evidence to be made up of expenses not incurred as the necessary or proximate result of the defendants' act of conversion. (5) There is no evidence to sustain the finding of the court as to the expenses incurred, or as to the value of plaintiffs' time and services.

WILLIAM C. MICHAELS for respondents.

(1)  Defendants are liable to plaintiffs for the conversion of the cattle sold by them as agents for the thief.  Koch v. Branch, 44 Mo. 542; Thompson v. Irwin, 42 Mo. App. 403; Ess v. Griffith, 128 Mo. 50, 62; Bank v. Metcalf, 40 Mo. App. 494; Sparks v. Purdy, 11 Mo. 226; Smith v. Grove, 12 Mo. 52; Moran v. Plankington, 64 Mo. 337; Williams v. Wall, 60 Mo. 322; Kramer v. Falkner, 9 Mo. App. 35; Allen v. McMonigle, 77 Mo. 478; Banks v. Brooks, 52 Mo. App. 364; Baker v. Railroad, 53 Mo. 602; Wirt v. Shuman, 67 Mo. App. 170; Warneck v. Baker, 42 Mo. App. 439; Thomas v. Huff, 62 Mo. App. 124; McLachlin v. Barker, 64 Mo. App. 511; Waverly v. Cooperage Co., 112 Mo. 383.  (2) Defendants are liable to plaintiffs for the time spent and expenses incurred in searching for and recovering the thirty-six head of cattle.  State ex rel. v. Hope, 121 Mo. 38; Conrad v. Ins. Co., 6 Pet. 262; Saunders v. Brosius, 52 Mo. 50; McDonald v. North, 47 Barb. 532; Merrill v. Howe, 24 Me. 127; Hunt v. Haskell, 24 Me. 339; Sew. Mach. Co. v. Best, 50 Hun. 76; 117 N. Y. App. 655; Bennett v. Lockwood, 20 Wend. 222; Ewing v. Blount, 20 Ala. 694; Miller v. Garling, 12 How. Pr. 203; Hurlburt v. Green, 41 Vt. 489; Baldwin v. Porter, 12 Conn. 473; Sprague v. Brown, 40 Wis. 620; Keene v. Dilke, 4 Exchq. 388; Bank v. Leavitt, 17 Pick. 1; Murray v. Burling, 10 Johns. 172; McInroy v. Dyer, 47 Pa. St. 121; Sedg. on Dam., secs. 58, 216, 850; 3 Suth. on Dam. 536, 537; 4 Am. and Eng. Ency. of Law, 124; see also the following authorities; Railroad v. Pritchard, 77 Ga. 412; Hough v. Bowe, 51 N. Y. Sup. Ct. 208; Chase v. Snow, 52 Vt. 525; Hales v. Railroad, 4 B. & S. 66; Davis v. Railroad, 1 Disney, 23; Morrison v. Railroad, 2 Pugsley, 295; Ford

v. Williams, 24 N. Y. 366; Vedder v. VanBuren, 14 Hun. 250. (3) These expenses were immediately proximate to the conversion, and they were reasonable. 4 Am. and Eng. Ency. of Law, 124 and note; Renfro v. Hughes, 69 Ala. 581; 1 Greenl. on Ev. [14 Ed.], sec. 49, note. (4) Defendants get the benefit of these expenses and should pay them.

ELLISON J.—This action is for the conversion of forty-four head of cattle, the property of plaintiffs. They recovered judgment in the trial court and defendants appeal.

It appears that one Smith stole the cattle from plaintiffs in Kansas and shipped them to defendants who are in the cattle commission business in Kansas City. Defendants sold them at Kansas City, as agents for Smith, to one Aiken, and the latter sold a portion of them to Hull, of Maysville, Missouri, and the remainder to a man at Lorimer, Iowa. The cattle were removed by the purchasers from Kansas City to their homes in Maysville, Missouri, and Lorimer, Iowa. Plaintiffs having discovered the theft and learning the cattle had been shipped to Kansas City, immediately went to that place and learned of defendants that they had sold them.

STATEMENT.

Plaintiffs then began a search and were successful in recovering eight yet in the stock yards at Kansas City, twenty-two of Hull, at Maysville and six at Lorimer, Iowa; thirty-six in all. They recovered these by replevin suits and were put to necessary expense in their travels and their litigation amounting to the sum of $219.93. This latter sum was allowed plaintiffs as reasonable and necessary expenses by the trial court as a part of the judgment rendered. That is to say, the trial court deducted from the total value of the forty-four head, the value of the thirty-six head recovered

by plaintiffs, *less* the expense aforesaid, which plaintiffs were put to in recovering the thirty-six head.

Defendants acted as agents for the thief, but they did not know, and had no reason to believe he was not the real owner. It is conceded that defendants, notwithstanding they were innocent of intentional wrong in their sale of the cattle, are liable for the value of the cattle less the value of those recovered. But defendants deny that they are liable for plaintiff's expenses in recovering them. We think they are. The rule is that if one converts another's property he is liable in the damages to that other for the value thereof.

CONVERSION: agent of thief: measure of damages: expense of recovery.

But if the owner secures a return of a part of the property, as in this case, the value of the part returned is a mitigation of the damages and reduces the damages that much, unless the owner has been put to expense in obtaining such return. If he has, the rule expands so that reasonable expenses will be deducted from the value of the property returned and the remainder will be the sum allowed in reduction of the damages. Bank v. Leavitt, 17 Pick. 1; Merrill v. How, 24 Me. 126; Davis v. Best, 50 Hun. 76; Bennett v. Lockwood, 20 Wend. 223; Murray v. Burling, 10 Johns. 172.

But defendants claim that expenses can only be allowed the owner when his action is brought against the original wrongdoer, or at least, when the defendant is a willful wrongdoer. That since in this case the defendants are conceded to be innocent of intentional wrong, did not know the cattle had been stolen and only acted as the innocent agents of the thief. That therefore, plaintiffs' expenses in securing return of the cattle can not be charged against defendants.

We have not been cited to a case where the question was directly involved. Yet we believe the conclusion we have announced is the reasonable and

logical result of well recognized and conceded rules
governing the liability of one, innocent in fact, but
who is guilty of conversion. It is well settled, as
before stated, that the innocent agent of a thief is
guilty of conversion if he intermeddles with and sells
the property of the true owner from whom the thief
has stolen it.   Koch v. Branch, 44 Mo. 542; Ess v.
Griffith, 128 Mo. 50; Bank v. Metcalf, 40 Mo. App.
494.

It is conceded that that liability is the full value
of the property converted. It must be conceded that
the owner is not obliged to go in search or pursuit of
the property. It being his right to hold the party
converting liable to him for the full value, he may sit
down by that right and obtain full redress. But, if he
does obtain a return of the property, the party sued in
conversion has a right to show that fact in reduction
of the damages for which he, unquestionably, is origi-
nally liable. Is it not therefore the plainest justice,
that the owner's expenses in thus reducing the damage
he had a right to recover, should be deducted from the
value of the property returned? The theory of the law
is that the party who converts another's property must
make him whole in damages. The party guilty of the
conversion will not be allowed to say "I must not be
required to pay him the full value of the property I
intermeddled with, since he has gotten a part of it back
and has thereby reduced his damage." But the
amount thus reduced is, of course, lessened by the
expense incurred in securing the reduction. It seems
to me, that keeping in mind the original liability of the
party guilty of the conversion (however innocent in
fact he may be) the question of reducing the amount
asked in mitigation by the amount of expense in se-
curing the mitigation is made quite plain. Defendants
have cited us to Wirt v. Schuman, 67 Mo. App. 163,

as a case favoring their views of the question. We think it has no bearing on this case. It is there distinctly recognized that one guilty of conversion, though innocent of intentional wrong, was liable to the true owner. And the decision there was merely that he was under no legal obligation, after he had sold the property to another, to assist such owner in recovering it; and that therefore the owners' promise to pay him for such assistance was based on a consideration.

(2)    Defendants interpose in their partial defense that the cattle recovered by plaintiffs were recovered by suit in replevin against the parties to whom they had been sold, and that such recovery was a full satisfaction to that extent and therefore barred this action to the extent of the satisfaction. We can not allow any force to this point as applicable to this case. Of course these plaintiffs are entitled to but one satisfaction for their damage in the loss of the cattle. They, therefore, could not now sue for conversion, the parties from whom they replevined the cattle, since they have made choice of remedies against them they must stand by that choice and not vex such parties with another suit concerning the same wrong. If they had sued those parties in conversion they would have elected to place the title in them and take damages for compensation. Having elected to retain the title for themselves they merely brought an action for the possession.

But recovering the property from third parties did not relieve these defendants of the consequences of their conversion any more than as a mitigation of such consequences. Recovering the possession of the property by suit against third parties can have no more effect on an action against these defendants, than recovering them of such parties without suit. And so the logic of defendants' position would drive them to

Laughlin v. Barnes & Parrott.

say, that if the owner in any manner secures return of a portion of his property, he loses all right to damage, in respect to that portion, from the party who converted them. Plaintiffs' petition declared on the facts as they transpired. They set out the loss of the cattle, their conversion by defendants, the recovery of a part, the expenses incurred in such recovery and thus in their petition laid the proper ground for the measure of their damage.

(3) Question is made as to the amount of the damage. From the declaration of law given, the court must have found the expense incurred in securing the thirty-six head recovered was reasonable and necessary. Cases may arise where, on account of the extraordinary expense of recovering property, it would be unreasonable to undertake it, but the facts declared here do not present such case.

We see no reason for disturbing the judgment and it is accordingly affirmed. SMITH, P. J., concurs. GILL, J., absent.

### ON MOTION FOR REHEARING.

ELLISON, J.—The chief ground urged for a rehearing is based on the contention that we are wrong in holding that plaintiffs' replevin suits whereby they regained possession of a portion of their cattle barred a recovery in this action for damages as to such cattle. It is contended by defendants that plaintiffs had the right to recover the same damage in their replevin suits that they obtained in this suit, and that therefore the wrong was fully redressed and their injury compensated by the judgment in those suits.

An examination of the authorities satisfies us that the view we expressed in the foregoing opinion is correct. There was no fraud, malice or oppression on the

part of the defendants in the replevin suits, they were innocent purchasers of the cattle from the defendants in this suit. They were therefore not liable for attorneys' fees. Trimble v. Kerr, 56 Mo. App. 683; Mix v. Kemper, 81 Mo. 93; Wells on Replevin, secs. 576, 577. Nor were they liable for the expenses of the plaintiffs in attending the trials of those cases, or in hunting their property. Taylor v. Morton, 61 Miss. 24; Cowden v. Lockridge, 60 Miss. 385; Reddington v. Nunan, 60 Cal. 639; Cobbey on Replevin, sec. 920.

The statute in this state allows damages "for the taking and detention" of the property. R. S. 1889, sec. 7481. But, ordinarily, in the absence of fraud or malice, this provision would be satisfied by a recovery of the property itself with damages for any injury thereto, or for the use thereof (if its use was of any value) with costs.

The measure of plaintiffs' damage in the replevin suits was not the same as in this action in conversion and they therefore had a right, as permitted by the trial court, to deduct from the sum of the mitigation of damage caused by their recovery of the property, the expense of such recovery.

Defendants have cited us authority to the effect that where a plaintiff in replevin fails to obtain possession of the property the damages should be the same as in trover. This perhaps refers to the value of the property thus lost. But whatever may be said of these authorities, as affected by our statute, they have no application to this case. Here plaintiffs did obtain the property by their suit. The act of plaintiffs benefited defendants by lessening the damage occasioned by the conversion and the expense of plaintiffs' successful effort in defendants' behalf should be deducted from the sum of the mitigation.

The motion will be overruled. All concur.