PALMER L. EVERETT, Respondent, v. BARSE LIVE STOCK COMMISSION COMPANY, Appellant.

Kansas City Court of Appeals, June 5, 1905 and January 8, 1906.

1. **LIENS: Agistment: Chattel Mortgage.** In this State and in Illinois, a prior chattel mortgage takes precedence of the subsequent agister's lien.

2. ——: ——: ——: **Kansas.** But where the mortgage contract and the agistment contract are made in Kansas where the agister's lien takes precedence of the prior chattel mortgage, it will be enforced and a surreptitious or forcible taking from the agister will not affect his lien, though the cattle are shipped from Kansas to Missouri and thence into Illinois where the conversion takes place.

3. **COMITY: Courts: Public Policy: Agister's Lien.** The courts of a State will enforce rights existing under the laws of another State which could not be enforced in the former State, unless they are against morals or public policy; but an agister's lien is not of the latter character.

4. **LIENS: Agistment: Chattel Mortgage: Conversion: Innocent Party.** A mortgagor surreptitiously took cattle from his agister in Kansas and turned them over to the mortgagee in Missouri who shipped them to a commission firm in Illinois. The firm sold them without knowledge of the agister's lien and turned the money over to the mortgagee. *Held,* the commission firm was guilty of conversion and liable to the agister.

### On Motion For Rehearing.

5. **AGISTER'S LIEN: Contracts: Statute. Per Curiam:** A contract between an owner and an agister that the animals are to be pastured in a certain manner for a certain time at an agreed price, will not affect the lien for the reasonable charge provided by the Kansas statute.

Appeal from Jackson Circuit Court.—*Hon. William B. Teasdale*, Judge.

AFFIRMED.

*Haff & Michaels* and *D. C. Ketchum* for defendant.

(1) A factor selling cattle, against which an agister's lien is claimed, cannot be held liable in a suit by the claimant unless the factor had knowledge or notice of the existence of the lien. Tonney v. Goodley, 57 Mo. App. 235; R. S. 1899, sec. 4228; Carriage Co. v. Reid, 99 Mo. App. 415; Armstrong v. Walker, 9 Lea (Tenn.), 156; Finney v. Harding, 136 Ills. 573; Haue v. Clark, 23 Ills. App. 145; Smith v. Shell Lake Lbr. Co., 68 Wis. 89; Chinn v. Railway, 100 Mo. App. 1. c., 583; Jones on Liens, sec. 1048; Webb v. Sharp, 13 Wall, 14; Frazer v. Jackson, 46 Ga. 621; Scaife & Co. v. Stovall, 67 Ala. 237; Westmoreland v. Wooten, 51 Miss. 825; River Boom Co. v. Sanborn, 36 Mich. 358; Dozier v. Lewis, 27 Miss. 679; Harpley v. Haynes, 37 Mich. 535; Greenawalt v. Wilson, 52 Kans. 109; Rogers Ruger Co. v. Murray, 115 Wis. 267. (2) The rule of law that an antecedent chattel mortgage on cattle takes precedence over an agister's lien thereon, will not be disregarded by the courts of this State, even where it is shown that the courts of the State where the cattle were pastured hold that an agister's lien is superior to an antecedent chattel mortgage. Harrison v. Sterry, 5 Cranch 289, 3 L. Ed. 104; McGinnis v. Car & Foundry Co., 174 Mo. 231; Guerney v. Moore, 131 Mo. 672; People v. Hawkins, 157 N. Y. 12; Vidal v. Girard Executors, 2 How. (U. S.) 197; Woodward v.

Roane, 23 Ark. 523; Roblin v. Long, 60 How. Pr. 200; O'Rielly v. Railway, 16 R. I. 388; Bryan v. Brisbin, 26 Mo. 425; Bank v. Hughes, 10 Mo. App. 21; Weil v. Bank, 76 Mo. App. 34; Walsh v. Railroad, 160 Mass. 751; Delahaye v. Heitkemper, 16 Neb. 475; Story on Conf. of Laws (8 Ed.), sec. 323, 327, et seq.; Corbett v. Littlefield, 84 Mich. 30; Frizzell v. Rundle, 88 Tenn. 396; Rogers v. Huie, 2 Cal. 571; Spooner v. Holmes, 102 Mass. 503; Wharton on Conf. of Laws (2 Ed.), sec. 324; Donald v. Hewett, 33 Ala. 534; 22 Am. and Eng. Ency. of Law (2 Ed.), p. 1319; Rosenbaum v. Dawes, 77 Ills. App. 295, 179 Ill. 112; Delop v. Windsor, 26 La. Ann. 185; Hyllested v. Klingender, 14 La. Ann. 857; Jones on Chattel Mortgages (3 Ed.), par. 300, 691; Bank v. Morris, 114 Mo. 255; Stone v. Kelley & Son, 59 Mo. App. 214; Picket v. McCord, 62 Mo. App. 467; Lazarus v. Moran, 64 Mo. App. 239; Miller v. Crabbe, 66 Mo. App. 660; Harding & Co. v. Kelso, 91 Mo. App. 607; Charles v. Neigelsen, 15 Ill. App. 17; Easter v. Goyne, 51 Ark. 222; Small v. Robinson, 69 Me. 425; Hanch v. Ripley, 127 Ind. 151; Lee v. Vanmeter, 98 Ky. 1; Graham v. Winchell, 4 Ohio Dec. 139; Pingree on Chattel Mortgages, sec. 730; Jones on Liens, sec. 691.

*Beardsley, Gregory & Kirshner* for respondent.

(1) The cattle involved in this litigation were in the State of Kansas, all the parties were in that State, and the contracts were made there. The rights of the parties were, therefore, fixed by the laws of that State. (a) Under these laws, the respondent was an agister, and under the statutes of the State had a lien for his charge, with right to retain possession of the cattle until his charge was paid. Dassler's G. S. 1901, sec. 3931; Brown v. Holmes, 13 Kan. 482; Kelsey v. Layne, 28 Kan. 225; Barse v. Adams, 48 S. W. 1023; Yearsley v. Gray, 140 Pa. St. 238, 21 Atl. 318; Greenawalt v. Wilson, 52 Kan. 109; Lewis v. Dillard, 76 Fed. 692; Jones on Liens

(2 Ed.), 3. (b) This right he had as against the owner, as against the mortgagee, and as against all third parties, hence, the right to bring replevin or trover against anyone wrongfully taking the property from his possession or converting the same. Jones on Bailments, secs. 85, 86; Hale on Bailments and Carriers, 150; 2 Am. and Eng. Ency. (2 Ed.), 9; Bruley v. Rose, 57 Ia. 651, 11 N. W. 629; Corning v. Ashley, 51 Hun 483; Henry v. State, 110 Ga. 750, 36 S. E. 55; People v. Thompson, 34 Calif. 671; Note, 4 L. R. A. 292; Sowden v. Kessler, 76 Mo. App. 581; Dilworth v. McKelvey, 30 Mo. 149; Engel v Scott, 60 Minn. 39, 61 N. W. 825; Edwards on Bailments, (2 Ed.), 103; Case v. Allen, 21 Kan. 217; Smith v. Stevens, 36 Minn. 303, 31 N. W. 55; Colquitt v. Kirkham, 47 Ga. 555; Hammond v. Danielson, 126 Mass. 294; Williams v. Allsop, 10 C. B. (N. S.), 417; The Granite State, 1 Spr. 277; Vose v. Whitney, 7 Mont. 385; Bank v. Morris, 114 Mo. 260; Bryant v. Whitcher, 52 N. H. 161; Levi v. Booth, 58 M'd. 311, 42 Am. Rep. 334; Black v. Jones, 64 N. C. 320; Mohr v. Langan, 162 Mo. 497; Koch v. Branch, 44 Mo. 542; Jacquith v. Am. Exp. Co., 60 N. H. 61; Reichanbach v. McKean, 95 Pa. 432; Breckinridge v. McAfee, 54 Ind. 141; Knowles v. Marabel, 50 Ala. 366; Gafford v. Stearns, 51 Ala. 434; Jones on Liens (2 Ed.), 22; Story on Agency (9 Ed.), sec. 369; Story on Bailments (9 Ed.), sec. 299; Hutton v. Arnett, 51 Ill. 198; Edwards on Bailments (2 Ed.), sec. 103; 18 Am. and Eng. Ency. Law (1 Ed.), 598; Barnes v. Swift's Executors, 26 Weekley Law Bulletin 110; Weber v. Whetstone, 53 Neb. 371, 73 N. W. 695. (c) The possession of the property by the agister is notice to the world of his rights, and he cannot be deprived of them by any theft of the property or wrongful taking of the same out of his possession. Bryan v. Smith, 22 Ala. 534; Jones on Liens (2 Ed.), 694. (2) The right of the agister here having been fixed and determined by the laws of the State of Kansas, it is not contrary to the policy of the courts of Missouri to enforce these rights

here. Kerwin v. Doran, 29 Mo. App. 397; Richardson v. De Giversville, 107 Mo. 432; Clothing Co. v. Sharp, 83 Mo. App. 391; Ins. Co. v. Simon, 52 Mo. App. 357; Said v. Stromberg, 55 Mo. 438; McClure v. Iron Co., 90 Mo. App. 567; Brokerage Co. v. Stevenson, 160 Mo. 516; Arnold v. Eastin's Trustee, 76 S. W. 855; Greenwood v. Curtis, 6 Mass. 358, 4 Am. Dec. 145; McIntire v. Parks, 3 Met. 207; Mulligan v. Pratt, 125 Mass 374, 28 Am. Rep. 241; Bank v. Commission Co., 61 Mo. App. 143.

ELLISON, J.—This is an action for the amount of a bill for pasturage of a lot of cattle. The judgment in the trial court was for the plaintiff. The facts necessary to state for an understanding of the points involved are these: The plaintiff had the cattle in possession from the owner and had an unpaid claim for pasturage. Before the cattle were turned over to plaintiff to pasture by the owner the latter had mortgaged them to a commission company known as the McKee company. The owner took the cattle from plaintiff's pasture without his knowledge or consent and without paying his agister's bill, and shipped them to the mortgagee, the McKee company. The latter company shipped the cattle to defendant company at the National Stock Yards in Illinois, who sold them and remitted the money to the McKee company, who shortly thereafter failed in business. Plaintiff then sued the company for his unpaid bill for pasturage. The owner of the cattle and plaintiff resided in the State of Kansas. The cattle were in that State and were pastured there, and there was where possession was taken from plaintiff. The mortgage was given upon them in that State and properly recorded there.

In this State there is no doubt that a prior chattel mortgage takes precedence of a subsequent agister's lien. [Stone v. Kelley & Son, 59 Mo. App. 214; Baskin v. Wayne, 62 Mo. App. 515; Miller v. Crabbe, 66 Mo. App. 660.] It was so decided by the St. Louis Court of Appeals. [Lazarus v. Moran, 64 Mo. App. 239.] And so

the law is in Illinois, where the cattle were sold by this defendant. [Charles v. Neigelsen, 15 Ill. App. 17.] But in Kansas the rule is the reverse, and the agister's lien takes precedence of the prior chattel mortgage. [Case v. Allen, 21 Kans. 217.] It therefore appears that in Kansas, which was the seat of the plaintiff's contract of agistment and of the owner and mortgagee's mortgage contract, the agister had a lien superior to the mortgagee's lien. This was a right of which he could not be divested by surreptitiously or forcibly taking the possession from him. Possession is generally necessary to unwritten liens, but a parting with possession against one's will and consent will not affect his lien. Nor does the fact that the cattle were shipped to Missouri and thence to Illinois, and there sold, in neither of which States, as we have said, does the Kansas rule as to priority between liens obtain, affect plaintiff's priority or his right to enforce it.

It is quite true, as stated by defendant, that the courts of one State will not enforce rights or contracts arising in another State when it is against morality or the public policy of such State. But this is not that character of case. We enforce in this State, contracts for interest, good where made, but usurious here. [Bank v. Cooper, 85 Mo. App. 383.] If that can be done, there ought not to be any scruple in enforcing a right of the character of plaintiff's. That a State will enforce rights existing under the laws of another State which would not be enforced in the State itself, is a fundamental rule of comity, many examples of which will be found in plaintiff's brief.

It is finally insisted that the defendant was but an innocent commission firm with no interest in the property and no notice of plaintiff's claim. That feature makes this a hard case, but it cannot be allowed to overcome well-established principles of law. This defendant by selling the cattle was guilty of conversion, however innocent of plaintiff's claim, and however well convinced

of the right of the mortgagees to dispose of them. [Mohr v. Langan, 162 Mo. 497-502; Bank v. Morris, 114 Mo. 255; Bank v. Metcalf, 40 Mo. App. 494; Kellar v. Garth, 45 Mo. App. 332; Laughlin v. Barnes, 76 Mo. App. 258.] The foregoing considerations lead to an affirmance of the judgment.

All concur.

### ON MOTION FOR REHEARING.

PER CURIAM.—But it is said, in a motion for rehearing, that the case of Bank v. Brecheisen, 65 Kans. 807, ought to determine the case in defendant's favor. It is there held that where the lien is one which is not enforcible under the statute of Kansas, but depends for validity upon a contract between the owner and the agister, the lien of the prior mortgage is superior. To make that case have a bearing upon the present controversy, it is said that the plaintiff's lien here arose under an agreement between him and the mortgagor owner that plaintiff would pasture the cattle and be responsible for their return. Such agreement is, doubtless, no more than is made in most every case of agistment, and if agreements of that nature ousted the statute of application it would be of little practical use. A contract for feeding or pasturage does not prevent a statutory lien. There may be contracts for a lien in instances where the statute would not apply, in which cases, of course, the lien would depend wholly upon the contract. But where the facts concerning the agistment make a demand for which the statute gives a lien, a contract between the owner and the agister that the animals are to be pastured or fed in the manner, for the time and at the price agreed upon, will not affect the lien for the reasonable charge provided for in the statute.