CABLE & REED, Respondents, v. W. H. H. DUKE
et al., Appellants.

**Kansas City Court of Appeals, June 29, 1908.**

1. **USURY: Personal Privilege: Discount: Evidence: Commission.**
The plea of usury is a personal privilege of the debtor or his
privies, and held on the facts there was no usury in the transac-
tion under judgment, nor does the stipulation in the securing
mortgage for a commission for the sale of the mortgaged cat-
tle constitute a part of the transaction so as to make usury.

2. **CHATTEL MORTGAGE: Agister's Lien: Priority: Pasturage**
Where a chattel mortgage on cattle is executed prior to the be-
ginning of their pasturage it has priority over an agister's lien;
nor is there room in the case in hand for the application of the
principle that where the mortgagee understands the animals
are to be kept by an agister for hire such fact gives the latter
the preference. *Held*, furthermore on the evidence that the
mortgagor was part owner of the pasture with the privilege to
pasture thereon.

Appeal from Vernon Circuit Court.—*Hon. Henry C.
Timmonds*, Judge.

AFFIRMED.

*Thos. J. Smith* for appellants.

(1)    Under the plaintiff's own evidence an usu-
rious rate of interest was charged the defendant, W. C.
Woods, which under our statute rendered void the chat-
tel mortgage under which alone plaintiffs claimed right
of possession of the cattle in question. R. S. 1899, sec.
3710; R. S. 1899, sec. 3706; Koehring v. Mueniminghoff,
61 Mo. 403; Kriebohm v. Yancy, 154 Mo. 85;
Bank v. Donnell, 172 Mo. 416.    (2)    Defendants Duke
and F. M. Woods, under the law, had a lien on the cattle
for their agistment. R. S. 1899, sec. 4228.    (3)    The
statute giving a lien for agistment is *in pari materia*
with the mechanic's lien law under which it is held that

the law should be liberally construed so as to conserve the interest of the parties intended to be protected. McAdow v. Sturtevant, 41 Mo. App. 220; Sash & Door Co. v. Buckner, 80 Mo. App. 101; Lumber Co. v. Knights of Pythias, 157 Mo. 380. (4) Defendants' lien attached from the time of the date of the contract under which these cattle were placed upon the pasture, which the evidence establishes without controversy was prior to the time the mortgage was executed. McAdow v. Sturtevant, supra. In no event at a date later than that upon which they went upon the pasture. Douglas v. Zinc Co., 56 Mo. 400; Reilly v. Hudson, 62 Mo. 386. (5) It being contemplated by the parties to this chattel mortgage at the time it was executed, and as is clearly set forth in the chattel mortgage itself, that the cattle were to be pastured on a pasture not owned by W. C. Woods, the maker of the chattel mortgage, the lien for agistment will be held to be prior to that of the chattel mortgage. Crabb v. Miller, 66 Mo. App. 660.

*O. A. Lucas* and *T. W. Silvers* for respondents.

(1) An agistment is the taking and feeding of other men's cattle on one's own land, for a consideration to be paid by the owner. 2 Cyc. 315; 1 Bouvier's Law Dictionary (14 Ed.), p. 105. The right of lien being statutory, will be strictly construed. Carriage Co. v. Ried & Lowe, 99 Mo. App. 415. (2) The mere statement of the undisputed facts shows the ridiculousness of the claim of usurious exaction in this matter. (3) Where the facts are not disputed, partnership is to be determined by the court, as a question of law. 22 Am. and Eng. Ency. of Law (2 Ed.), 51; Bank v. Altheimer, 91 Mo. 190; Torbert v. Jeffrey, 161 Mo. 656; Donnell v. Harshe, 67 Mo. 170; Ashly v. Shaw, 82 Mo. 76; Tambly v. Scott, 111 Mo. App. 50; Beatty v. Clarkson, 110 Mo. App. 1; Glore v. Dawson, 106 Mo. App. 107. The evidence in this case is undisputed, showing

this relationship. (4) One partner can acquire no lien by feeding animals belonging to the partnership on his own land. 2 Cyc. 317; Auld v. Travis, 5 Colo. App. 535, 39 Pac. 357; 2 Bates on Partnership, sec. 823; 22 Am. and Eng. Ency. of Law (2 Ed.), p. 135. (5) No liability from one partner to another until there is a partnership settlement, and that one partner cannot sue another at law for any matter connected with the partnership business, until there is a settlement of partnership matters is the settled law of Missouri. Springer v. Cobell, 10 Mo. 399; Leabo v. Renshaw, 61 Mo. 292; McKnight v. McCutchen, 27 Mo. 436; Smith v. Smith, 33 Mo. 557; Scott v. Caruth, 50 Mo. 120; Willis v. Barrow, 143 Mo. 457; Jackson v. Powell, 110 Mo. App. 253. (6) In Missouri, the mortgage is prior to the lien. Stone v. Kelly & Son, 59 Mo. App. 214; Lazarus v. Moran, 64 Mo. App. 239; Harding v. Kelso, 91 Mo. App. 607; Everett v. Comm. Co., 115 Mo. App. 486; Jones on Liens, sec. 504. (7) If they held the land as tenants in common, their rights and duties are practically the same as partners. They would still have no right to sue each other at law. 17 Am. and Eng. Ency. of Law (2 Ed.), p. 699; Pulliam v. Burlingame, 81 Mo. 111; Spooner v. Ross, 24 Mo. App. 599; Burch v. Burch, 82 Ky. 622; 1 Platt on Leases, p. 537. And the possession of one would be for all. Bernecker v. Miller, 40 Mo. 473; Holloway v. Holloway, 99 Mo. 305; Kelley v. Vandiver, 75 Mo. App. 435; Johnson v. Bank, 102 Mo. App. 395; Watson v. Gravel Co., 50 Mo. 635; Bates v. Hamilton, 144 Mo. 13; In re Tyler, 40 Mo. App. 384; Valentine v. Johnson, 1 Hill Equity, 49; Bird v. Bird, 15 Fla. 424; Le Baron v. Babcock, 122 N. Y. 153; Churchill v. Lammers, 60 Mo. App. 251; Lane v. Dobyns, 11 Mo. 105; Stothert v. Knox, 5 Mo. 112.

ELLISON, J.—The plaintiffs are engaged in the live stock commission business and this is an action

of replevin by them for 208 head of cattle, alleged to be of the value of $6,500. The plaintiffs recovered judgment in the trial court and defendants took an appeal to the Supreme Court on the idea that there was more than $4,500 involved and the jurisdiction was in that court. The petition claimed damages of $1,000 and the plaintiffs received possession of the cattle under their writ. The joint answer of defendants F. M. Woods and Duke admitted they were in possession at time suit was instituted. The answer of defendant W. C. Woods denied he was in possession of cattle. Neither of defendants asked damages, or a return of the cattle, or their value in lieu thereof. The case then stood for the recovery of possession alone and for $1,000 damages claimed by plaintiffs. The case therefore was not one where the "amount in dispute" exceeded forty-five hundred dollars. In such consideration the Supreme Court transferred the record to this court for determination. [106 S. W. 643.]

The plaintiffs' claim is based on a chattel mortgage executed by W. C. Woods. The defendants Duke and F. M. Woods' claim of right to possession is by reason of an alleged agister's lien which they claim has preference over the mortgage. They also contend that the mortgage was void because of usury.

It appears that a note was given to plaintiffs by defendant W. C. Woods for $6,500, due in seven months, with interest from maturity at the rate of eight per cent per annum. But Woods only got $6,210. That is to say, he, being indebted to plaintiffs in a sum greater than the note, received credit for that amount on plaintiffs' books, the latter charging him a "discount" of $290 for the seven months the note was not drawing interest. This was done for the reason, as stated, that plaintiffs intended transferring the note to a bank which would charge that "discount."

A plea of usury is the personal privilege of the debtor or those standing in privity with him. [Marx v. Hart, 166 Mo. 503, 524; Coleman v. Cole, 158 Mo. 253, 260; Vette v. Geist, 155 Mo. 27, 34; Rubber Co. v. Wilson, 55 Mo. App. 656.] The defendants Duke and F. M. Woods have therefore no right to interpose the defense of usury. But defendant W. C. Woods, the maker of the note and mortgage, of course has such right. We find however that the amount of the discount for the seven months was not a sum greater than interest at eight per cent and therefore, in point of fact, no usury was exacted.

It is, however, claimed by the defendants that the mortgage contained a provision that when it came time to market the cattle they were to be shipped to plaintiffs and they were to make the sale on the market at Kansas City for a commission of fifty cents per head. This provision is sought to be connected by defendants with the discount charge and thus make out an usurious exaction. We think it a strained effort and that it is not allowable. The commission charge is for an altogether different service and it is a matter having no connection with the note. The case is wholly unlike that of Cowgill v. Jones, 99 Mo. App. 390, where a bonus was reserved in the face of the note.

We have not been able to agree with the contention of defendants Duke and F. M. Woods that they are entitled to an agister's lien. The mortgage was executed prior to the beginning of the pasturage and it has priority over an agister's lien. [Stone v. Kelly, 59 Mo. App. 214; Lazarus v. Moran, 64 Mo. App. 239; Harding v. Kelso, 91 Mo. App. 607; Everett v. Live Stock Co., 115 Mo. App. 486.] But it is said that while the foregoing is the law, yet if the mortgagee takes the mortgage with an understanding that the animals are to be kept by an agister for hire, his consent thereto will give the agister preference over the prior mortgage.

[Miller v. Crabbe, 66 Mo. App. 660.] We however have no such case. Here the understanding between mortgagor and mortgagee was that no pasturage was to be charged.

Furthermore the pasture in which these cattle were kept was one held by the three defendants as tenants in common, under a lease from the owner. The defendant W. C. Woods, as mortgagor, had a right to turn his cattle into the pasture and any rights of either of the three, whether considered partners or tenants in common, between themselves, cannot be allowed to affect the plaintiffs as mortgagees.

There were some other points made by defendants against the judgment, including alleged improper admission of evidence, and residence of the mortgagor not being in Bates county. We have examined all of them and find nothing to justify a reversal of the judgment.

We have here a valid mortgage executed to secure a valid claim of indebtedness of W. C. Woods, and we have found no reason sufficient to justify a court in preventing its enforcement. We therefore approve the view of the trial court in its action on instructions, and affirm the judgment. All concur.