# Carl Swanson and Eli Swanson, trading as Swanson Bros., Plaintiffs in Error, v. Arthur Smith and George Scarlett, Defendants in Error.

## Gen. No. 18,331.

1. MUNICIPAL COURT OF CHICAGO, § 24*—*when a second judgment is final.* A second judgment of the Municipal Court *held* to be a final judgment where it was entered within thirty days after the date of the first judgment and could be considered as a modification thereof.

2. MUNICIPAL COURT OF CHICAGO, § 19*—*time for modifying or vacating judgment.* By section 21 of the Municipal Court Act, Hurd's R. S. 1911, ch. 37, p. 716, J. & A. ¶ 3333, there are no stated

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

terms in the Municipal Court and any final judgment may be modified or vacated to the same extent as a judgment of the Circuit Court, if done in pursuance of a motion entered within thirty days after the judgment.

3. MUNICIPAL COURT OF CHICAGO, § 25*—*time for suing out writ of error.* The time for suing out a writ of error from the Appellate or the Supreme Court to the Municipal Court is governed by section 117 of the Practice Act, J. & A. ¶ 8654, which provides that it may be done in three years from the date of the judgment. Section 23 of the Municipal Court Act, J. & A. ¶ 3335 providing that the writ must be sued out within thirty days, has been declared unconstitutional.

4. LIVERY STABLE KEEPERS, § 1*—*when lien of stable keeper is prior to that of a chattel mortgage.* The lien of a livery stable keeper on horses, wagons and harness for board and keep is prior to that of a recorded chattel mortgage on the property, where the chattel mortgagee had notice or knew that the mortgagor was not keeping the same at the time they were mortgaged but was having them boarded and kept at some livery stable, and made no objections thereto.

Error to the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion on rehearing filed March 11, 1914.

FRED A. RATHJE, EDWIN C. CRAWFORD and CHARLES E. LOY, for plaintiffs in error.

HOWARD W. HAYES, for defendants in error; OLSEN & BOORD and CLARENCE N. BOORD, of counsel.

MR. JUSTICE DUNCAN delivered the opinion of the court.

This suit was tried on an agreed state of facts without a jury and judgment was rendered in favor of defendants in error, Arthur Smith and George Scarlett.

The material facts are that one Hoops owned the horses, wagons and harness replevied, and prior to January, 1910, placed them in the livery stable of defendants in error and requested them to board and keep them, and for that purpose they remained in said stable until the beginning of this suit; that on April 9,

1910, Hoops duly executed and delivered to plaintiffs in error a chattel mortgage on said property to secure his debt of $2,565.40 to them, and the mortgage was duly recorded; that plaintiffs in error knew when they took the mortgage and at all times since that Hoops had no barn of his own and that said horses, wagons and harness were fed and kept in some livery barn or feed stable; that on April 9, 1910, Hoops owed defendants in error certain moneys for the board and keep of said property, and in August, 1910, paid his entire bill to that date for such board and keep, but that since that date there became due for such board and keep more than $500, which is yet unpaid; that Hoops then told plaintiffs in error he could go no further in business, and they, under their election, declared his entire debt to them due, demanded the horses, wagons and harness of defendants in error, and being refused brought this suit of replevin.

The court overruled a motion for a new trial January 20, 1912, and rendered judgment that the defendants in error rightfully held the property replevied for the moneys due them from Hoops, which sum and the damages of defendants in error aforesaid assessed amount to the sum of $550; that plaintiffs in error within thirty days pay to defendants in error said sum and five per cent. interest thereon; that in case said sum shall be paid as aforesaid that plaintiffs in error have and retain said property replevied, and in default of said payment that defendants in error have and recover from plaintiffs in error the possession of said property and that a writ of *retorno habendo* issue herein for the return thereof; that defendants in error have and recover from plaintiffs in error their costs and that execution issue therefor; that the stay bond be fixed at $1,100 and filed within thirty days and that sixty days be allowed within which to file a bill of exceptions.

On February 19, 1912, the court, over the objections of defendants in error, entered the following, in sub-

stance: This day come the parties in said cause, and plaintiffs in error present to the court their motion, stating that they decline to pay said $550 to defendants in error and move the court to enter final judgment in said cause and present to the court four propositions of law which the court acts upon, and enters judgment that unless payment is made as hereinafter provided, defendants in error do have and recover from plaintiffs in error the property in question and their damages of one cent by the court assessed, together with their costs, and that they have execution therefor, and that a writ of *retorno habendo* issue for the return of the property replevied. Plaintiffs in error prayed an appeal to the Appellate Court and the court fixed the stay bond at $1,100 and gave sixty days in which to file their bill of exceptions.

Defendants in error filed a motion in this court to dismiss the writ of error on the grounds that the judgment entered January 20th was a final judgment, and that no motion or order was made to vacate or set it aside within thirty days after the entry thereof; that, therefore, the judgment of February 19th was null and void and that as the writ of error herein was not sued out until February 27th, more than thirty days after the final judgment, the cause cannot be reviewed on writ of error, because of the provisos in sections 21 and 23 of the Municipal Court Act, Hurd's St. 1911, ch. 37, p. 716. (J. & A. ¶¶ 3333, 3335.) The motion was taken with the case and is overruled. By said section 21 of the statute there are no stated terms of the Municipal Court, and any final judgment may be modified or vacated to the same extent as a judgment of the Circuit Court, if done in pursuance of a motion to modify or vacate the same entered within thirty days after the judgment. The motion of plaintiffs in error may be treated as a motion to modify the form of the judgment of January 20th. At any rate, the entry of the second judgment can be treated as a modification of the form of the former judgment. The court

had the power to modify or set aside the former judgment on February 19th, because it was within the thirty days of its entry. While both judgments may be considered in form as final judgments, the latter judgment is the final judgment in the case, because it finally disposed of all the questions involved in the case, including the propositions of law, and the motion for a new trial. That the court might have legally refused to consider the propositions of law, because not presented in time, and that it might have determined to let the former judgment stand without modification and the entry of another judgment, does not determine the question of which judgment is the final judgment. It is the termination of the particular action and of all the means of further prosecuting or defending it that marks the finality of the judgment. Black on Judgments, sec. 21; *Mutual Reserve Fund Life Ass'n v. Smith,* 169 Ill. 264.

The writ of error was sued out in proper time notwithstanding section 23 of said statute. The time for the suing out of a writ of error from this or the Supreme Court to the Municipal Court is governed by section 117 of the Practice Act (J. & A. ¶ 8654), which provides that it may be done within three years from the date of the judgment. Section 23 of the Municipal Court Act, providing that the writ must be sued out within thirty days, has been declared unconstitutional by the Supreme Court. *Hoffman v. Paradis,* 259 Ill. 111.

Section 2, ch. 82, Hurd's St. 1911, p. 1475 (J. & A. ¶ 7180), provides as follows:

"Stable keepers and any persons shall have a lien . upon the horses, carriages and harness kept by them for the proper charges due for the keeping thereof and expenses bestowed thereon at the request of the owner, or the person having the possession thereof."

The foregoing statute evidently attaches a lien in favor of stable keepers to the horses, carriages and

harness fed and cared for by them as the feed and care are bestowed. The authorities are in conflict upon the question as to whether or not a chattel mortgage antedating the time of the care and keep of a stable keeper or of an agister given a statutory lien is a prior lien when the mortgagee has no knowledge of, and has given no consent to, the feeding and caring for the animals. There is certainly good reasoning for the proposition that keepers of livery stables ought not to be required to search the records for mortgages or have their liens upon horses, carriages and harness for feed and care subject to prior recorded chattel mortgages. The weight of authority, however, seems to be in favor of the doctrine that the lien of the chattel mortgage is superior to that of the liveryman when the mortgage is recorded prior to the services of the liveryman. See *National Bank of Commerce v. Jones,* 18 Okla. 555, 12 L. R. A. (N. S.) 310, where the authorities are collected; also *Charles v. Neigelsen,* 15 Ill. App. 17.

The weight of authority and the better reasoning, we think, also holds that if a mortgagee has notice of or knows, as plaintiffs in error knew in this case, that the mortgagor and owner was not keeping the horses, carriages and harness at the time they were mortgaged, but was having them boarded and kept at some livery stable, and made no objections thereto, that he should be held to have consented to such keeping, although he did not know at what stable they were boarded and kept. The mortgagee in such case within the meaning of the statute is an owner, and when he knows the mortgagor whom he has expressly agreed shall retain and care for the horses, harness and carriages, and has already placed them in the care and keep of a liveryman and intends to continue them in such care and keep, and the mortgagee makes no objection, all the requirements of a statutory lien under said section are fulfilled, i. e., they are kept by the implied consent or request of the owner and mortgagee, and the statu-

tory lien is, therefore, prior to that of the mortgage. Jones on Liens, sec. 691a; *Howes v. Newcomb,* 146 Mass. 76; *Lynde v. Parker,* 155 Mass. 481; *Miller v. Crabbe,* 66 Mo. App. 660; *McGlasson v. Hennessy,* 161 Ill. App. 387; *National Bank of Commerce v. Jones,* 18 Okla. 555, 12 L. R. A. (N. S.) 310, and cases there cited in note.

The lien of defendants in error was superior to that of plaintiffs in error, and the court properly so held.

The judgment is, therefore, affirmed.

*Judgment affirmed.*