## CATHER *et al.* v. SPENCER *et al.*

No. 6388.   Opinion Filed January 18, 1916.

On Rehearing, February 15, 1916.

(154 Pac. 1130.)

**CHATTEL MORTGAGES—Agister's Lien—Priority—Consent of Mortgagee.** A lien for feed and pasturage for cattle will take precedence over a prior recorded chattel mortgage, where the same was furnished with the consent of the mortgagee, and consent may be implied from the facts and circumstances surrounding the transaction.

(Syllabus by Hooker, C.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Action by J. S. Cather and others against W. S. Spencer and others. Judgment for defendants, and plaintiffs bring error. Affirmed, and rehearing denied.

*H. P. McGuire* and *John E. Williams,* for plaintiffs. in error.

*Stevens & Myers,* for defendants in error.

Opinion by HOOKER, C. On the 15th day of March, 1913, the plaintiffs in error J. S. Cather and V. W. Britton sold to one W. S. Collins 440 head of cattle,

and to secure the payment of a part of the purchase money accepted a chattel mortgage upon said cattle, which was executed on that day, and on the 21st of March thereafter duly filed in the office of the register of deeds of Comanche county. Collins acquired possession of the cattle at that time, and drove them to the ranch of the defendants in error for pasturage, where most of them remained until the institution of this suit, with the knowledge of the mortgagees. The debt of the plaintiffs in error secured by said mortgage matured October 1, 1913, and under the terms of the mortgage the plaintiffs in error had the right at any time to take possession of the property when they felt themselves insecure, and the evidence discloses that on or about September 1st, prior to the maturity of the debt, they, feeling themselves insecure on account of the condition of the cattle, attempted to take possession of the property, which was agreed to by Collins, but that the defendants in error refused to permit them to acquire possession until the claim for pasturage was settled. The parties waived a jury in the lower court, and after the introduction of evidence a judgment was rendered for the defendants in error, giving to them a first lien upon the property for the amount of the pasturage due upon the cattle.

The question of law involved in this case is the priority of the liens in question, it being admitted that the mortgage of the plaintiffs in error was duly filed, which gave to the defendants in error constructive notice of the lien, and it likewise being shown that the plaintiffs in error knew of the pasturage of the cattle by the defendants in error.

There is quite a conflict in the authorities of the various states upon the question, but the law in this state

is no longer open to doubt, for the Supreme Court in the case of *Bank v. Jones,* reported in 18 Okla. 555, 91 Pac. 191, 12 L. R. A. (N. S.) 310, 11 Ann. Cas. 1041, lays down the rule as follows:

"The lien of a valid recorded chattel mortgage will take the precedence over the subsequently acquired lien of a livery stable keeper or agister upon animals placed in his charge, unless such animals were delivered to such lienholder to be kept and cared for    *    *    *    with the consent of the mortgagee."

And this court in *First National Bank v. Wilson,* 49 Okla. 370, 153 Pac. 172, reaffirms the doctrine announced in the Jones Case.

The question to be considered in the instant case is whether or not the evidence justifies the finding of the lower court to the effect that the mortgagees consented for the defendants in error to furnish the pasture for the cattle upon which they had a mortgage. It must be borne in mind that the general finding of the court for the defendants in error is sufficient to include a special finding to the effect that plaintiffs in error had consented to the same. In the case of *Wright et al. v. Sherman et al.,* 3 S. D. 290, 52 N. W. 1093, 17 L. R. A. 792, the Supreme Court of South Dakota lays down the rule similar to the rule of Oklahoma, and says:

"The lien of a chattel mortgage properly filed is paramount to that of an agister for subsequently pasturing the mortgaged stock, unless it is shown that the mortgagee consented, either expressly or impliedly, that such stock might be so pastured and subjected to such lien," and that "such consent may be shown by circumstances."

17—55

Also the Supreme Judicial Court of Massachusetts, in the case of *Lynde v. Parker*, 155 Mass. 481, 30 N. E. 74, and in the case of *Howes v. Newcomb*, 146 Mass. 76, 15 N. E. 123, say:

" 'Undoubtedly an implied consent will answer the requirements of the law,' and that 'in every case of this kind the inquiry is whether such * * * consent is proved,' and that this 'depends, where animals are left with a mortgagor by a mortgagee, not only upon the terms of the express contract in relation to them, but also upon all the circumstances surrounding the transaction of the mortgagee as to the management of them by the mortgagor.' If from these the mortgagee may be presumed to have understood that the mortgagor would take them to a stable keeper to be boarded, and no objection was made, such consent should be implied, otherwise it should not."

Likewise our own court in the case of *Wilson v. Bank, supra,* supports the theory that consent may be established by circumstances.

Mr. Black, in his Law Dictionary, says:

"Implied consent is that manifested by signs, actions, or facts, or by inactions or silence, which raises a presumption that the consent has been given."

The evidence in this case, in our judgment, was amply sufficient to justify the lower court in his finding that the mortgagees had consented for the defendants in error to pasture these cattle, and amply sustains the finding that the defendants in error were entitled to the possession of the cattle until their claim or lien for pasturage was paid. There is not only evidence to support the judgment of the court, but the preponderance of the evidence is in accord with his finding.

We recommend that the judgment appealed from be affirmed.

## ON PETITION FOR REHEARING.

Section 145 of the Compiled Laws of 1909 is omitted from the Revised Laws of 1910, and the cause of action herein was attempted to be enforced in October, 1913, which was several months after the Revised Laws of 1910 went into effect, and inasmuch as 25 per cent. of the conceded value of the property in controversy here is many times greater than the amount of the lien, we adhere to the former opinion given in this case, and the petition for rehearing is denied.

By the Court: It is so ordered.