## KIRKPATRICK et al. v. OIL WELL SUPPLY CO.

No. 24234.   May 14, 1935.

Peyton E. Brown, for plaintiffs in error.

Maris & Maris, E. H. Jaynes, and Paul P. Findley, for defendant in error.

PHELPS, J.   Orville Lee, Inc., owned a truck and mortgaged it to the plaintiff corporation, which recorded the mortgage. Subsequently Orville Lee, Inc., placed the truck in possession of defendants for repair and agreed with defendants that they should retain possession of the truck as security for payment of the repair bill. Defendants made the repairs and filed their lien statement therefor.   The defendants were still in possession of said truck, as pledgees, when plaintiff filed this action of replevin against them for the possession of the truck.   Orville Lee, Inc., was not a party to the action.

The action resulted in a directed verdict for the plaintiff.   Defendants, in appealing, present many assignments of error, some of which are supported by very persuasive arguments, but only those assignments and facts necessary to the grounds underlying this opinion are at this time considered.

The defendants offered evidence, which was repeatedly rejected by the trial court, to the effect that the plaintiff's district manager, apparently the only person representing the plaintiff in all of its transactions in that vicinity, visited and talked with the defendants when the truck was in defendants' shop, and prior to the repairs which defendants made thereon, and there and then stated that plaintiff had "taken over" Orville Lee, Inc., and assured the defendants that if they should make the proposed repairs the plaintiff would see that the repair bill was paid, or would pay same itself.   The trial court, in excluding this evidence, apparently acted on the theory that plaintiff's mortgage, being of record at the time, conclusively established the plaintiff's superiority of right to possession.

It has long been the settled law that a prior mortgagee, by his words, acts, or conduct, may waive the priority of his mortgage lien in favor of that of a subsequent mortgagee or lien holder.   In many cases it is called a waiver; a more accurate term in the present case would be that of estoppel.   It is unnecessary, however, to discuss here the technical differences between waiver and estoppel.   If in the instant case the plaintiff, through its agent, whom it clothed with apparent authority to bind it in such matters, represented to the defendants that if they would perform the repairs the plaintiff would either pay the bill itself or see that it was paid, and the defendants relied thereon to their detriment, and but for such representations the defendants would not have expended their time, labor, or money in repairing the truck, then the plaintiff would be estopped from asserting the superiority of its lien as against that of the parties thus misled.   Such a doctrine does not reverse the priority of the liens at all; it merely prevents the plaintiff from

claiming that its lien shall be satisfied ahead of that of the defendants.

This is harmonious with the principles announced by this court in analogous cases. In Colonial Supply Co. v. Smith, 134 Okla. 40, 272 P. 879, we held that persons employed by a mortgagee to guard oil well tools lying idle on the lease, with the owner's authority and acquiescence, have a lien for such services prior to that of the mortgagee. A lien for feed and pasturage furnished cattle with the consent of a mortgagee will take precedence over a prior recorded chattel mortgage. Cather v. Spencer, 55 Okla. 511, 154 P. 1130, and cases cited. In First Nat. Bank of Mountain View v. Wilson, 49 Okla. 370, 153 P. 172, it was held that the lien of a liveryman will be superior to that of a mortgagee of a prior chattel mortgage when the mortgagee consents to the mortgagor's leaving the animal in charge of the liveryman, or, being notified that it has been so left, permits it to remain. On the question at hand the instant case would have been even stronger than those cases had the defendants been allowed to offer evidence, and had been successful in proving that the prior mortgagee not only consented to the repair work, but requested it and assumed the indebtedness therefor. Clearly it was error to exclude this evidence. The defendants had pleaded this matter in their answer and were relying upon it as an estoppel of the plaintiff to assert the priority of its mortgage lien. In spite of the fact that this was not an action to adjudicate priority of liens, it is obvious that if the plaintiff was estopped to assert the priority of its lien as against the defendants, then the plaintiff did not have an enforceable right to the possession of the truck superior to the defendants' right of possession. This right of possession at the time when the action was instituted, the truck at that time being in the possession of the defendants, was the gist of this replevin action.

On one of the occasions when this evidence was offered by defendants, plaintiff objected on the ground that it was an attempt to establish an oral agreement to answer for the debt, miscarriage, or default of another, in violation of the statute of frauds. It must be remembered that the defendants were not asking to hold the plaintiff liable in judgment for the amount of the repair bill, but were relying upon the representations as evidence of estoppel only. Further, had the evidence developed that the repairs were made in reliance

solely on the credit of the plaintiff rather than on the credit of Orville Lee, Inc., the statute of frauds would not apply. Byrd v. Woods, 77 Okla. 236, 188 P. 337; Lindley v. Kelly, 47 Okla. 328, 147 P. 1015; Waldock v. Idabel First Nat. Bank, 43 Okla. 348, 143 P. 53; Richardson v. Parker et al., 33 Okla. 339, 125 P. 442; Kesler v. Cheadle, 12 Okla. 489, 72 P. 367; Trulock v. Blair, 8 Okla. 345, 58 P. 1097. The inference would be entirely reasonable that plaintiff intended the credit to be extended itself rather than to Orville Lee, Inc., or at least permitted defendants so to believe, since the offered testimony was to the effect that plaintiff was "taking over" Orville Lee, Inc.

The defendants further complain that the trial court excluded evidence offered by them which would have shown that, prior to the filing of this action, the plaintiff, a Pennsylvania corporation, had transferred all of its assets, including the right to sue on the mortgage, to the Oil Well Supply Company of New Jersey, a separate corporation. The latter named corporation, and the plaintiff, have the same name, but appear to be different corporations. It needs no citation of authorities to show that this evidence should have been received. In plaintiff's brief it is said that this is harmless error, on account of the fact that the witness nevertheless volunteered the statement that he was not familiar with the transaction. It is noticed, however, that counsel for defendants subsequently asked him if he had not filed an answer and cross-petition in another case in the same court, prior to the filing of the petition in the present suit, in which the allegation was made that plaintiff had transferred all of its rights to the other corporation,—to which plaintiff's attorney objected and was sustained. Since this witness was an attorney for the opposing party in the lawsuit, it could be expected that defendants' counsel would encounter some difficulty in bringing from him an admission that his client had lost the right to prosecute the suit. Defendants' counsel was entitled under the circumstances to proceed somewhat in accordance with the rules of cross-examination; he was just getting started on a series of questions which may have developed the fact that the plaintiff had no right to prosecute this action.

In plaintiff's brief it is argued that this was not error, on account of the contention that defendants' answer admitted plaintiff's ownership of the mortgage. We have care-

250

fully examined the answer, and while some argument may be made to that effect, we do not agree that the answer expressly or impliedly admitted it. The answer consisted of a verified general denial plus certain affirmative matter. In this affirmative matter it was necessary to refer frequently to the mortgage herein sued upon, and therein we find such expressions as "alleged mortgage," "purported mortgage," "said mortgage." While we recognize the truth that the setting up of new matter in an answer, in addition to a general denial, will often result in the implied and necessary admission by the defendant that certain allegations which he has generally denied must necessarily be true, in accordance with the cases cited in the brief of plaintiff, still we think it was not incumbent on the defendants in this case to repeat the denial of ownership on every occasion where the mortgage was mentioned in the answer. This is further strengthened by the rule allowing unusual latitude in the matter which may be proved under the general denial in defense to a replevin action. Certainly, unless plaintiff's ownership of the mortgage was admitted by the defendants, the evidence controverting said ownership was competent and relevant.

In the brief of defendants certain remarks of the trial court in the presence of the jury are brought to our attention. We have read the entire record and have little doubt that said remarks would probably have unfairly prejudiced the defense if the jury had been permitted to pass upon the issues. However, as the court directed a verdict instead of permitting the jury to decide the case, we do not believe that the defendants were substantially injured by the remarks, and for that reason they are not considered in this opinion.

The judgment is reversed and remanded, with directions to grant the defendants a new trial.

McNEILL, C. J., and BAYLESS, WELCH, and CORN, JJ., concur.