**J. D. WILLIAMS, Plaintiff in Error,**

v.

**FIRST NATIONAL BANK & TRUST COMPANY OF VINITA, a Corporation, Defendant in Error.**

**No. 42626.**

Supreme Court of Oklahoma.

Jan. 12, 1971.

Rehearing Denied March 30, 1971.

H. Tom Kight, Jr., Claremore, Robert L. Cox, Oklahoma City, for plaintiff in error.

Pitcher, Logan & Lowry, Vinita, for defendant in error.

McINERNEY, Justice.

Plaintiff in Error, J. D. Williams, as vendor, and Defendant in Error, First Na-

tional Bank and Trust Company of Vinita, as lender, each extended credit to one Goad (not a party to this appeal), and each took a security interest in certain (identical) property owned by Goad. Williams then perfected his security interest ahead of the Bank by filing his financing statement, as required by the Uniform Commercial Code, 12A O.S.1961, §§ 9–302, 9–401(1) (c), before the Bank did. Goad thereafter went bankrupt with the bulk of the two loans still outstanding, and both the Bank and Williams brought suits against Goad for personal judgments against him and for foreclosure on the two mortgages, both creditors further asserting the superiority of their own mortgages over that of the other's. The trial court, sitting without a jury, allowed the prayed-for judgments and foreclosures against Goad. However, notwithstanding Williams' earlier filing, the trial court held the Bank's mortgage senior to Williams' on the basis of a verbal agreement between the Bank and Williams, previous to their actually making the loans herein, to the effect that the Bank's mortgage was to be prior to Williams'. Since the value of Goad's pledged chattels was insufficient to satisfy both mortgages, Williams thereupon brought this appeal.

The implicit finding of the trial court, sitting without a jury in this action of legal cognizance, regarding the prior verbal subordination agreement between the Bank and Williams is supported by competent evidence in the record, and we make that finding the basis for our further consideration here. Rucker v. Republic Supply Co., Okl., 415 P.2d 951, Syl. 3 (1966).

There appears to be no real doubt but that in the absence of the verbal agreement, Williams' mortgage, having been filed (and thereby perfected) first, would be entitled to priority over the Bank's. 12A O.S.1961, § 9–312(5) (a).

The question dispositive of this appeal, as we understand the parties' briefs, is the effect of the prior verbal agreement between the Bank and Williams in view of 12A O.S.1961, § 9–316, which provides:

*"9–316. Priority Subject to Subordination.* Nothing in this Article prevents subordination by agreement by any person entitled to priority."

"Agreement" is defined in 12A O.S.1961, § 1–201(3), as:

" * * * the bargain of the parties in fact as found in their language or by implication from other circumstances including course of dealing or usage of trade or course of performance as provided in this Act (Sections 1–205 and 2–208). Whether an agreement has legal consequences is determined by the provisions of this Act, if applicable; otherwise by the law of contracts (Section 1–103). (Compare 'Contract'.)"

The Oklahoma Comment to this Section notes that this State had no previous statutory equivalent, and declares that "The term as defined includes all agreements, whether legally enforceable or not." An "agreement" therefore appears to be distinct from a "contract."

As quoted above, this § 1–201(3) itself refers to §§ 1–205 and 2–208. We find the general Comment to § 1–205(1) to be of particular help here:

"1. This Act rejects both the 'lay-dictionary' and the 'conveyancer's' reading of a commercial agreement. Instead the meaning of the agreement of the parties is to be determined by the language used by them and by their action, read and interpreted in the light of commercial practices and other surrounding circumstances * * *"

It would therefore appear that a subordination "agreement" as envisioned by § 9–316 may be informal, and need not rise to the full dignity of a contract; and being satisfied that the trial court's implied finding of the existence of such an agreement herein is supported by competent evidence, we concur in the trial court's judgment on the legal effect and consequences thereof.

Williams makes one argument which does appear to merit some comment, and that is, that subordination agreements,

however informal, should still at least be in writing, especially since the financing statements of the very security interests being subordinated thereby are required to be in writing, 12A O.S.1961, § 9–203(1) (b). Williams further advances the Statute of Frauds and the Parol Evidence Rule, as codified in the U.C.C. under Sections 1–206, 2–201, 8–319, and 2–202.

Dealing first with the Statute of Frauds and Parol Evidence Rule, it appears from a close examination of these sections that they apply only in the case of certain transactions between creditors *and debtors*; they have no apparent applicability to relationships solely between creditors inter se. Furthermore, the Statute of Frauds sections cited refer to contracts of *sale*, not agreements for subordination; and the Parol Evidence provision is inapplicable since there is clearly no *written* agreement between the Bank and Williams which either party is attempting to vary by parol.

Section 9–316 itself does not specifically state whether or not subordination agreements need be in writing. However, there clearly is no express requirement therefor, and the rather relaxed definition of "agreement" quoted above would tend to indicate the contrary, and especially so in view of the Comments to Sections 1–201(3) and 1–205(1), which state that an "agreement" can be inferred not only from the words employed by the parties, but also from their course of conduct, surrounding circumstances, and the like. Previous Oklahoma authority also holds that the priority of chattel mortgages may be subordinated by verbal agreement, Kirkpatrick v. Oil Well Supply Co., 172 Okl. 248, 49 P.2d 712 (1935).

We therefore hold that subordination agreements under 12A O.S.1961, § 9–316, may be parol; and deciding that, we find no further basis for reversing the trial court's judgment.

Affirmed.

All the Justices concur.