71328. NORTH GEORGIA SAVINGS & LOAN ASSOCIATION, INC. v. CORBEIL.

(339 SE2d 779)

POPE, Judge.

Plaintiff/appellee Stephanie Corbeil brought this action against defendant/appellant North Georgia Savings & Loan Association, Inc. seeking inter alia a declaration of rights of the parties as to their respective priorities under certain deeds to secure debt issued by one Billy Wayne Hawkins. Defendant brings this appeal from an adverse ruling by the trial court.

On the basis of the record before it, the trial court made the following findings of fact: "On August 29, 1983, Billy Wayne Hawkins, the former husband of Plaintiff, conveyed a security deed on a piece of real property to Plaintiff to secure a purchase money note of $39,000. Subsequently, Mr. Hawkins executed two security deeds in favor of Defendant, one on December 16, 1983 and one on January 13, 1984, covering the same real property in order to obtain a total loan from Defendant of $13,300. On January 13, 1984, Plaintiff executed a subordination agreement in favor of Defendant, the effect of which was to confer a priority to Defendant in the subject property to the extent of $13,000. On April 9, 1984, Defendant made an additional loan of $8,000 to Mr. Hawkins, which was apparently to be secured by the same property. Plaintiff conferred a power of attorney dated March 30, 1984 . . . upon her ex-husband Mr. Hawkins as apparent evidence of her consent to this additional loan. However, this power of attorney was never utilized to further subordinate Plaintiff's interest in the subject property by way of an additional [written] subordination agreement beyond the amount of the aforementioned $13,000. Defendant subsequently made additional loans to Mr. Hawkins, again

apparently with the same subject property as collateral. As of December 1984, the total amount of indebtedness of Mr. Hawkins to Defendant was approximately $31,000. However, the only subordination agreement executed by Plaintiff in favor of Defendant was the January 13, 1984 agreement covering an amount of $13,000. In December of 1984, Defendant declared Mr. Hawkins in default on the loans it had made to him and commenced foreclosure proceedings on the subject property. The amount defendant claimed it was due was the $31,000 referred to above. On December 18, 1984, and again on December 24, 1984, while on record, Plaintiff tendered to Defendant, in order to redeem her claim of first interest in the subject property, a certified check in the amount of $17,884 which represented the principal amount of $13,000 plus all interest, attorney fees and costs incurred in advertising the sale of the subject property. Defendant rejected these tenders on the theory that the amount owed to [it] was in excess of $31,000." (Indention omitted.)

1. The trial court first addressed the issue of whether plaintiff's interest in the subject property was subordinated to defendant's interest for the monies in excess of $13,000. The court found that the alleged oral agreements to further subordinate plaintiff's interest beyond the $13,000 were ineffective, concluding that the Statute of Frauds, OCGA § 13-5-30 (4), requires such agreements to be in writing. Defendant cites this ruling as its first enumeration of error.

" '[T]he legal order or priority as between mortgages and other liens or claims may be fixed, reversed, or modified by an agreement of the parties or by a waiver or release on the part of the senior lienholder.' 59 CJS, Mortgages § 229. The agreement or waiver may be written or verbal. *Mitchell v. West End Park Co.*, 171 Ga. 878, 884 (156 SE 888) (1930)." *Cameron v. Churchill Mgt. Corp.*, 249 Ga. 362, 363-64 (290 SE2d 474) (1982). It follows that the alleged oral subordination agreements in the case at bar are not within the Statute of Frauds. See *Loewen v. Forsee*, 38 SW 712 (2) (Mo. 1897); cf. *Williams v. First Nat. Bank &c.*, 482 P2d 595 (Okla. 1971). See generally 72 AmJur2d, Statute of Frauds, § 83. Since the judgment of the trial court is premised upon an erroneous application of the Statute of Frauds, it must be reversed and the case remanded for a new trial. The facts of record do not demand a finding in favor of either party as to the existence and/or extent of the alleged oral subordination agreements.

2. Our decision in Division 1 of this opinion renders moot at this time defendant's remaining enumerations of error challenging the correctness of the trial court's rulings on the offer and rejection of plaintiff's tender of $17,884 to defendant.

*Judgment reversed. Deen, P. J., and Beasley, J., concur and concur specially.*

BEASLEY, Judge, concurring specially.

I concur fully because we are bound by the law as expressed by the Supreme Court of Georgia. However, if transactions of this type, which are an everyday occurrence, were required to be documented by the simple instruments which are missing here, statements and acts of the players would not have to be recalled years later, perhaps faultily, and strangers to the transaction would not have to decide what was intended or what was effected. Compare the situation regarding the $13,000 (written subordination agreement and hence no dispute) with the contrary situation regarding the additional loans (conflicting evidence and hence a costly and delay-ridden dispute). The expedient device of requiring a written subordination would foreclose litigation, a goal the law itself should be written to achieve.

I am authorized to state that Presiding Judge Deen joins in this special concurrence.

DECIDED JANUARY 22, 1986.

*C. Michael Roach*, for appellant.
*Donald J. Snell*, for appellee.