JAMES COWGILL, Appellant v. WILLIAM C. JONES et al., Respondents.

**Kansas City Court of Appeals, April 6, 1903.**

1. **Contracts: CONFLICT OF LAWS: KANSAS INTEREST STATUTE: USURY.** If a contract is executed in Kansas, the Kansas statute determines the question of usury; under that statute interest is a matter of contract and the maximum rate is ten per cent, above which all interest is usurious.

2. ———: **USURY: CUSTOM: LAW.** Custom sometimes makes law, but not when in direct conflict with positive enactment, in which case it is nugatory.

3. **Bills and Notes: USURY: REBATE OF INTEREST: AGREEMENT.** The element of usury in a note may be removed by agreement; and the penalty of usury is imposed upon a party only when he is guilty of exacting usury.

Appeal from Henry Circuit Court.—*Hon. W. W. Graves,* Judge.

REVERSED AND REMANDED.

*Arthur F. Smith, C. C. Dickinson* and *Frank Hagerman* for appellant.

(1) Usury was not properly pleaded. (2) Final judgment should be here entered for plaintiff. (3) The law of Kansas, by which this transaction should be governed, provides that interest shall not be charged in excess of ten per cent per annum. If more than that

is charged the party charging it shall forfeit the excess, and it shall be deducted from the principal. The Kansas statute does not provide for forfeiting the costs. The action of the court, therefore, in taxing the costs against the plaintiff was unwarranted by law.

*W. E. Owen* and *Peyton A. Parks,* for respondents.

(1)   The taking of more for the use of money than the law allows is usury. Davis v. Garr, 55 Am. Dec. 392, note citing Tyler on Usury, page 35.   Usury is the taking, under contract, of more than lawful interest for the loan or forbearance of money. Webb on Usury, sec. 1; Wilkes v. Roosevelt, 3 Johns. 207; 27 Am. and Eng. Ency. Law (1 Ed.), page 918; R. S. 1899, sec. 3708; sec. 3484, Code of Kansas.   (2)   The taking, or reserving, knowingly and voluntarily, a greater interest or compensation for a loan than is allowed by law is, *per se,* usurious. Davis v. Garr, 55 Am. Dec. page 392, note citing Fielder v. Darrin, 50 N. Y. 437; 27 Am. and Eng. Ency. Law (1 Ed.), page 926, and authorities cited under note 2.   (3)   If there is not a complete abandonment of the usurious contract, the infection of usury will remain. Webb on Usury, sec. 485; Neal v. Rouse, 93 Ky. 151; s. c. 19 S. W. 171; Webb on Usury, sec. 311, 308 and 309; 27 Am. and Eng. Ency. Law (1 Ed.), page 964 et seq., and authorities there cited. Adams v. Moody, 91 Mo. App. 41; Lemser v. Fur. Co., 70 Mo. App. 218, and authorities there cited; Buck v. Railway, 46 Mo. App. 555.

BROADDUS, J.—This is a suit to recover $418.87 alleged balance due on the following promissory note executed by defendants, to-wit:

"Kansas City, Kans., Nov. 7, 1899.

"Six months after date, I promise to pay to the order of Cowgill Live Stock Commission Co., at their office at the Kansas City Stock Yards, Kansas City, Kansas,

$3,846.60, with interest from maturity at the rate of eight per cent per annum until paid. Value received.

"Wm. C. Jones,

"West & Bernethy,

"G. N. West."

On the back of said note were the following credits:

"Received as part payment proceeds 130 cat. $3,-402.73 on Feby. 21, 1900.

"Rebate Int. Mch. 10, 1900,—$25."

The defendant, Jones, by his separate answer, admitted the execution of the note, and that it became due May 10, 1900, and for a defense and counter claim to the same he alleged that said note was secured by his chattel mortgage upon 130 head of cattle, of even date with the same; that on or about the 20th day of February, 1900, he shipped said cattle to the plaintiff for the purpose of paying off said note, with directions for the manner in which he was to sell the same; that the plaintiff disobeyed said directions, which resulted in a loss to defendant of $1,000; and for which he says he was damaged in that amount. For a second defense, he alleges that prior to the shipment of said cattle to the plaintiff, the latter agreed with him that he would give him a rebate of all the unearned interest and part of the commission for making the sale of said cattle; and that under said agreement he is entitled, in addition to the sum of $25 credited on said note as a rebate on the same, to the further sum of $113 for said unearned interest. For a further defense he alleges that the remainder of said note—to-wit, $204.10—exceeds the legal rate of interest of ten per cent. The other defendants, who were the securities of defendant Jones, in substance adopt his answer.

The evidence disclosed, that defendants lived in the vicinity of Windsor, Missouri; that defendant West was the owner of 130 head of cattle which defendant Jones was desirous of buying on credit; that the price of $28 per head was agreed upon between them as the

value of the same; that the plaintiff, who was engaged in the commission business at the stock yards in Kansas City, Kansas, was requested to advance the money to Jones in order that he might be enabled to make the purchase; that plaintiff agreed to advance the money upon condition that defendant Jones, in addition to giving a mortgage upon the cattle, would further secure the money to be so advanced by giving defendants West and Bernethy as securities on the note; and that defendants having so agreed, plaintiff prepared the note in question and the mortgage and sent them to defendants. Both the note and mortgage were signed and returned to plaintiff at his place of business in Kansas City, Kansas. When the plaintiff sent the note and mortgage to defendant Jones it was accompanied by the following statement, to-wit:

"Kansas City Stock Yards, Nov. 7, 1899.
"Wm. C. Jones,
"Cowgill Live Stock Commission Co., Rooms 106, 107 and 108, Live Stock Exchange.

| "Cattle | Price | | Amount | |
|---|---|---|---|---|
| 130 | cost | $28 | $3,640 | 00 |
| | commission | | 48 | 00 |
| | interest | | 156 | 10 |
| | Rev. S., etc. | | 2 | 50 |
| | Total | | $3,846 | 60 " |

It was shown that said statement contained the items that constituted the consideration for the note. There was evidence tending to prove defendant's counterclaim, and that plaintiff agreed to give or obtain a rebate of unearned interest on the note. Plaintiff Cowgill testified that it was one of the rules of the Live Stock Exchange, of which he was a member, for the commission man who advanced money to a purchaser of cattle, to charge a commission, and rules to that effect were offered in evidence but excluded. The statutes of Kansas regulating interest were also in evidence. The jury

returned a verdict for the plaintiff in the sum of $258.50; whereupon the court adjudged him to pay the costs. The plaintiff appealed.

The court instructed the jury that the contract in suit was a Kansas contract, and that they should take $3,642.50 as the principal of the note, instead of $3,846.60, the amount named, compute interest on the same at six per cent from date to the 21st day of February, 1900; from the amount thus obtained deduct $3,402.75, the amount realized from the sale of the cattle, and from the balance found, compute interest from said last-named date at the same rate of interest until the date of trial. The jury were also instructed upon the issue raised by defendant's counterclaim. Computation shows that the jury allowed defendants on one or more of said counterclaims about $61.88.

The plaintiff contends that as the contract was executed in Kansas there was no usury in the transaction; that the charge for commission was legitimate; and that no usury was claimed, and none ever paid. As the contract was executed in Kansas, we must look to the Kansas statute to determine whether the element of usury is contained in the note; and if it is found that under the laws of said State it did so contain such element, it would be so regarded by the courts of this State. Under the Kansas statute there is no established legal rate of interest, but it is made a matter of contract, the maximum rate being ten per cent, above which all interest is usurious.

The interest and commission contained in the note amounted to $204.10; at the rate of ten per cent the interest was $182.17; therefore, the note contained an excess of $21.93 over the highest contract rate of interest of the State of Kansas. The plaintiff seems to have entertained the opinion that as it was a custom of the Live Stock Exchange, of which he was a member, to charge a buying commission under the circumstances, it was lawful to do so. A custom sometimes makes the law,

but a custom in direct conflict with positive law has no such effect. It is nugatory and binds no one. We are satisfied that the excess in the note over the amount of the principal and ten per cent thereon, was usurious. There was no consideration for the commission charged, as the cattle were not bought through the agency of the plaintiff. We think it clear that the excess was usurious.

It is claimed by plaintiff, however, that notwithstanding said note may have contained the element of usury by reason of said excess, that element was removed by the rebate of $25. Both the plaintiff and defendants testified that plaintiff was to make a rebate of unearned interest, although they differ as to the extent of such rebate. It is sufficient to say that it was made by agreement. In such cases the law is that the taint of usury has been removed. In Peters Shoe Co. v. Arnold, 82 Mo. App. 2, it was held that "while the taint of usury will follow an indebtedness through all its renewals, however remote, yet, the parties are not incapacitated from legalizing the illegal contract by withdrawing from it the element which made it unlawful." The element of usury in a contract does not render it void; it is only void as to the usury. Section 3709, Revised Statutes 1899, imposes the penalty upon a party only when he has been guilty of exacting usury.

Applying the statute to the facts of this case, the trial court was in error for two reasons, viz.: first, because the element of usury had been removed by agreement of parties; second, because plaintiff was not guilty of exacting usury. The plaintiff was entitled to judgment on the principal of his note less the $25 rebate, less payment made on February 21, 1900, of $3,402.75, less whatever the jury found for defendants on their counterclaims, with interest at eight per cent after maturity with his costs.

We have noticed only the controlling questions in the case. For reasons given the cause is reversed and

remanded. *Smith, P. J.,* concurs; *Ellison, J.,* not sitting.