Douglas G. BURRILL, Jr. and Charlene G. Burrill, Appellants,

v.

FIRST NATIONAL BANK OF SHAWNEE MISSION, N.A., Charles P. Schleicher, and Shawnee Mission Bancshares, Inc., Respondents.

No. WD 34372.

Missouri Court of Appeals, Western District.

Feb. 21, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 27, 1984.

Application to Transfer Denied May 15, 1984.

L.R. Magee, Kansas City, for appellants; Hines & Magee, Kansas City, of counsel.

J. Kent Emison, Kansas City, for respondents; Jackson, Dillard, Brouillette, Weisenfels, Phillips & Wood, Kansas City, of counsel.

Before PRITCHARD, P.J., and SHANGLER and BERREY, JJ.

PRITCHARD, Presiding Judge.

This is a suit to set aside a foreclosure sale of plaintiffs' property located at 601 West Meyer Boulevard, Kansas City, Missouri. At the close of plaintiffs' evidence the court, upon defendants' motion, entered judgment for defendants.

The deed of trust sought to be set aside is a fourth one dated January 6, 1976, securing a note of even date, in principal amount of $35,609.90, due in 90 days, with interest from date at the rate of 10.5% per annum. The trustee's deed under the foreclosure sale is dated June 1, 1982.

■ Plaintiffs first contend that the court erred in rendering judgment for defendants because their evidence showed that the deed of trust was unlawful and void in that the rate of interest was higher than lawful for a residential real estate loan. Defendants counter that usury was not pleaded by plaintiffs. Plaintiffs say (in Point III) that their paragraph 5 pleading of their first amended petition set forth that "said note and security agreement is unlawful and unenforceable" is a sufficient pleading of usury, but that is not so. Paragraph 5 clearly sets forth that the note and security agreement is unlawful and unenforceable because of failure to make disclosures as required by federal and Kansas regulations, not usury. Plaintiffs have not injected into the case any pleading charging defendants with exacting usurious interest, but even if it had been in the case, that fact would not invalidate the deed of

trust on the real property. See *Gehlert v. Smiley,* 114 S.W.2d 1029, 1034[6–9] (Mo. 1938), holding that the invalidation of liens because of usury are based upon statutes governing mortgages and pledges of personal property only. See the present enactments of the penalty for exacting usurious interest on mortgages and pledges of *personal* property. § 408.070, RSMo 1978, invalidating any lien. No such invalidation of lien statute exists as to mortgages of real property, but a borrower is limited to recovery of twice the amount of usurious interest paid, plus costs and attorney's fees. See § 408.030, RSMo 1978. Thus, plaintiffs' contention that the deed of trust was void is in error, and it therefore cannot serve as a basis to set aside the foreclosure sale, even if the interest charged was usurious.

■ Plaintiffs have not asked that any penalty be imposed for any exaction of usurious interest. Even if the pleadings were amended to make that request, plaintiffs could not prevail. The note and deed of trust were executed in Kansas. The note provided that it would be payable by plaintiffs at the First National Bank of Shawnee Mission, in Kansas. Controlling is the case of *Trower Bros. Co. v. Hamilton,* 179 Mo. 205, 77 S.W. 1081 (1904), holding, on facts comparable to those here, that the law of Kansas as to usury applies. See also, *Cowgill v. Jones,* 99 Mo.App. 390, 73 S.W. 995 (1903). Here, K.S.A. 16a–2–401 provides that interest on portions of the unpaid balance in excess of $1,000 may be charged at the rate of 14.45%. The 10.5% rate here is well within that limit, and the interest charged is, therefore, not usurious under the law of Kansas. Point I is overruled.

■ By Point II, plaintiffs claim that the notice of default given them pursuant to § 408.554, RSMo (L.1979, p. 565, § 1) is defective. That statute provides that the lender *may* give the notice of default encompassing the matters contained therein. Plaintiffs say that the date of their note was incorrectly given as of April 6, 1976, instead of the correct date of January 6,

1976. The date given was obviously the due date of the note—90 days after its date, and was not a material error such as to mislead plaintiffs. The note does not refer to a usurious rate of interest of 10.5% under Kansas law as above held. Lastly, plaintiffs say that the amount noted as due ($58,100.39) is not reconcilable with any amount that may or may not have been loaned to them. Plaintiffs make no attempt to show the correct amount due. But simple computation, without compounding the interest each year, shows that the total debt at the time of the notice to be in excess of $57,000. Plaintiffs make no attempt to show any prejudice to them (they did not pay off the indebtedness or any part thereof) by any claimed deficiencies in the notice of default, and Point II is overruled.

Point III, that the court erred in sustaining defendants' objection to the interest rate charged as being not pleaded, is answered in Point I above. Under the facts, the interest charged is not a ground for setting aside the foreclosure sale. Point III is overruled.

By Point IV, plaintiffs say that the foreclosure sale should have been set aside because of the lender's failure to comply with the disclosures required by 15 U.S.C.A. § 1601 et seq. (Regulation Z). The only thing missing from the form is the information that the borrower may rescind the credit transaction. Plaintiffs acknowledged that they waived, in writing, their right to rescind on January 6, 1976, as provided to them for any bona fide personal emergency under 15 U.S.C.A., § 1635(d). But, regardless of any of these matters, any claim to relief as to any lack of disclosure items was barred by the three year statute of limitations, 15 U.S.C.A., § 1635(f), after they executed the note on January 6, 1976. Point IV is overruled.

The judgment is affirmed.

All concur.