[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
In this action to foreclose on a first and a second mortgage from defendants, plaintiff has moved for summary judgment. Implicated at this point in the action are the Third and Fourth Special Defenses raised by defendant Francine Brooks in her amended answer.[1] Specifically, the defendant asserts that the plaintiff has violated the Federal Truth in Lending Act (TILA), 15 U.S.C. § 1601
et seq., in regard to both mortgages by not properly giving the defendant three (3) business days to cancel the mortgage transactions as prescribed by TILA, 15 U.S.C. § 1635(a).[2]
Plaintiff responds that defendant Francine Brooks is barred from raising these defenses under TILA because of the three-year limitations period of the consumer's right to rescind contained in TILA, 15 U.S.C. § 1635(f). In her Objection to Plaintiff's Motion for Summary Judgment, the defendant has also added that a genuine issue of material fact exists as to whether or not the plaintiff's conduct constitutes a fraudulent concealment of the defendant's CT Page 2566 rescission rights under TILA and under the fraudulent concealment provisions of Connecticut General Statutes Section 52-595 which she claims should toll the statute of limitations.
Thus, the issues before the court in the case are whether (1) the defendant is precluded from raising a TILA defense at all due to a time limitation contained therein, and (2) a factual question arises from the claimed fraudulent concealment affirmative defense that would toll any such limitation contained in the TILA.
I. TILA
The defendant claims in her Third and Fourth special defenses that although representatives of plaintiff did deliver a "Notice of Right to Rescission" and a "Notice of Right to Cancel" to her on the closing date of the transaction (January 30, 1989), such representatives did not give three (3) business days to rescind the transaction pursuant to 15 U.S.C. § 1635(a).[3] The defendant alleges that she signed the documents when the representatives "instructed" her to do so on the date of the closing even though the documents stated that the defendant was being given until midnight of February 3, 1989 (three business days later) to cancel the loan transactions. The defendant thus claims that she was unlawfully deprived on her right to rescind the transaction.
The plaintiff responds that the defendant's defenses are precluded because of the limitation contained in TILA restricting the time period in which the right to rescind is available. The relevant provision provides:
 An obligor's right of rescission shall expire three years after the date of the consummation of the transaction . . . notwithstanding the fact that the information and forms required under this part have not been delivered to the obligor . . . 15 U.S.C. § 1635(f).
Courts have held that any violation, no matter how technical, is to be liberally construed in favor of the consumer[4] and several jurisdictions have considered even technical or minor violations of the TILA to impose liability CT Page 2567 on the creditor.[5] However, in this case the court need not reach any such issues because the time bar is dispositive here.
While the plaintiff's alleged failure to inform the defendant of her continuing right to rescind during the three-day period following the January 30, 1989 closing, if true, may arguably confer the continuous right to rescind the transaction beyond the three days required by 15 U.S.C. § 1635(a) upon the defendant for as long as the creditor fails to fully comply, such a right is bounded by the three-year limit.[6]
The case law supports this proposition. For example, in Morris v. Lomas and Nettleton Co., 708 F. Sup. 1198 (D. Kan. 1989), where debtors sought to rescind a loan transaction alleging a creditor's violation of the TILA, the Kansas Federal District Court held that even where a disclosure statement fails to comply with 1635(a) of the TILA, the debtor only may have a right to rescind for as long as the creditor fails to comply up to a maximum of three years (emphasis added). Other courts have come to the same conclusion that a right to rescind a credit transaction under the TILA is restricted by the three-year limitation contained in 15 U.S.C. § 1635(f). Jenkins v. Landmark Mortgage Corp. of Virginia, 696 F. Sup. 1089 (W.D. Va. 1988); Cox v. First Nat. Bank of Cincinnati, 751 F.2d 815 (C.A. Ohio 1985); Burrill v. First Nat. Bank of Shawnee Mission, N.A.,668 S.W.2d 116 (Mo.App. 1984).
Under TILA regulations the time period under 15 U.S.C. § 1635(f) begins to run on the date on which the transaction is entered into by the customer, 12 C.F.R. § 226.2(kk). Therefore, since the defendant admits that she executed the Notice of Right to Rescission and Notice of Right to Cancel on January 40, 1989, she would have had to assert a claim for relief under TILA within three years of the date for that claim to be valid under the statute. Defendant's October 12, 1992 Notice of Rescission is thus not a timely assertion of that right.
The defendant also claims that this court should not permit plaintiff to raise the statute of limitations issue because the plaintiff did not specifically plead the issue in its reply to the Defendant's Special Defenses, even though CT Page 2568 the plaintiff principally relied on the limitation argument in its Motion for Summary Judgment. The defendant cites the Connecticut Supreme Court case, Orticelli v. Powers,197 Conn. 9 (1985) as support for this proposition. While this case does indeed provide the proper guidance to decide this issue, it condones rather than discourages the ability of this court to consider the limitations issue in this case.
The Supereme Court in Orticelli states:
 The general rule is that where the right of action exists independently of the statute in which the limitations is found, such a statutory bar is considered personal and procedural, and it is deemed waived unless it is specifically pleaded. . . . Where, however, a specific limitation is contained in the statute which establishes the remedy, the remedy exists only during the prescribed period and not thereafter. In this situation the court may properly raise the statute of limitations on its own motion because it is considered substantive or jurisdictional, and not subject to waiver. Orticelli at 15.
Therefore, since the three-year limitation provision is contained within the TILA (15 U.S.C. § 1635(f)), the plaintiff need not have pleaded the statute of limitations defense and the court may here invoke it.
Thus, the three-year limitation bars the defendant's TILA special defense, unless her claim of fraudulent concealment tolls the running of the statutory time period.
II. Fraudulent Concealment under C.G.S. 52-595.
Defendant also claims that this court should not grant plaintiff's motion for summary judgment because a genuine issue of material fact exists regarding whether the plaintiff fraudulently concealed the cause of action for rescission under TILA. The relevant statute, C.G.S. 52-595, reads as follows:
 If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action CT Page 2569 shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence. C.G.S. 52-595.
The defendant asserts that the above statute gives rise to a tolling of the statute of limitations contained in the TILA. The defendant asserts her fraudulent concealment claims to both the First and Second mortgages without specifically pleading them. Again, it is true that where the statute of limitations is embodied in the statute, it does not have to be specially pleaded. See Orticelli, supra. However, as here, where the defendant asserts that C.G.S.52-295 creates a tolling of the TILA limitations period, the better part of wisdom is to have the statute of limitations pled, have a defense asserted to the statute of limitations, so that the court can confront the factual issues when they are squarely alleged.
Nevertheless, in the present posture of this case, C.G.S. 52-595 may create a factual issue as to whether or not there has been fraudulent concealment which would not be barred by the limitation period contained in the TILA. On that basis, this court denies this motion for summary judgment.
Robert Satter State Trial Referee